UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY RAY HENDERSON,

        Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

No.  2:25-cv-01289-CKD (SS)

ORDER

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act").  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1987, applied on August 12, 2016, for SSI, alleging disability beginning January 1, 2013, later amended to August 12, 2016.  Administrative Transcript ("AT") 165, 192, 386.  Plaintiff alleged he was unable to work due to hypertension, cardiac arrhythmia, asthma, vertigo, and depression.  AT 192.  The agency decision plaintiff challenges in this matter was

1

issued by the Administrative Law Judge (ALJ) pursuant to a remand from the United States District Court for the Eastern District of California. AT 377. In a decision dated May 10, 2024, the ALJ determined that plaintiff was not disabled.[1] AT 377-387. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since August 12, 2016, the application date.
>
> 2. The claimant has the following severe impairments: atrial fibrillation; asthma; hypertension; obstructive sleep apnea; obesity; hearing loss; depression; and anxiety.
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

---

[1]    Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work [with multiple physical limitations].  He can adapt to a simple work environment that does not expose him to multiple members of the general public such as public bus or grocery store; and he can tolerate no more than a moderate noise level work environment.

5.  The claimant has no past relevant work.

6.  The claimant was born [in 1987], which is defined as a younger individual age 18-49 on the date the application was filed.

7.  The claimant has at least a high-school education.

8.  Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.  The claimant has not been under a disability, as defined in the Social Security Act, since August 12, 2016, the date the application was filed.

AT 379-387.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled:  The ALJ erred in evaluating the opinion of the consultative psychological examiner, such that plaintiff's determined residual functional capacity (RFC) is not supported by substantial evidence.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff argues that the ALJ erred in giving only "partial weight" to the medical opinion of Dr. Genevieve Monks, Psy.D., who evaluated plaintiff at the request of the State agency in October 2016. See AT 312-317 (Monks' opinion). Dr. Monks noted that plaintiff had taken psychiatric medications but had never been under the care of a psychiatrist. AT 313. She diagnosed plaintiff with cyclothymic disorder[2] and panic disorder. AT 316. She found his functional mental abilities good to fair in the following areas: ability to understand, remember, and carry out simple and detailed instructions; ability to maintain concentration and attention; ability to accept instructions from a supervisor and respond appropriately; ability to sustain an ordinary routine without special supervision; and ability to interact with coworkers. AT 316-317. Dr. Monks also opined that plaintiff's ability to interact with coworkers was "fair"; his ability to deal with changes in the work setting was "poor"; his ability to complete a normal workday without interruptions from psychiatric symptoms was "fair to poor"'; and there was a moderate to

---

[2] Cyclothymia is a mood disorder that "causes emotional ups and downs, but . . . not as extreme as those in bipolar I or II disorder." Source: https://www.mayoclinic.org/diseases-conditions/cyclothymia/symptoms-causes/syc-20371275 (last visited May 12, 2026)

4

high likelihood he would "emotionally deteriorat[e] in the work environment."  AT 317.

The ALJ evaluated Dr. Monks' opinion, noting her findings of

> fair to poor ability to complete a normal workday and fair ability to interact with others; and with poor ability to deal with changes, and moderate to high likelihood of emotional deterioration. <u>I give partial weight to this opinion because the record does not support fair to poor functioning in the areas indicated.</u>

AT 385 (emphasis added; record citations omitted).

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."  <u>Rounds v. Comm'r Soc. Sec. Admin.</u>, 807 F.3d 996, 1006 (9th Cir. 2015).  In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another.  <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014); <u>see also</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

Under the applicable rules[3], the weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for clear and convincing reasons.  <u>Lester</u>, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for specific and legitimate reasons.  <u>Lester</u>, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining

---

[3] For disability applications filed on or after March 27, 2017, the Commissioner revised the rules for the evaluation of medical evidence at the administrative level.  <u>See</u> Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg 5844-01 (Jan. 18, 2017). Because plaintiff filed his application in 2016, it is subject to the old rules for the evaluation of medical evidence.

5

professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

Here, because Dr. Monks' assessment was the contradicted opinion of an examining doctor, the ALJ was required to provide specific and legitimate reasons for rejecting it (or parts of it). "[I]n making its ruling, the Court must look 'to *all* the pages of the ALJ's decision.'" Sarah Ruth F. v. Bisignano, 2025 WL 3306275, *10 n. 7 (C.D. Cal. Nov. 24, 2025) (quoting Kaufmann v. Kijakazi, 32 F.4th 843, 851 (9th Cir. 2022) (emphasis in original)). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is inconsequential to the ultimate nondisability determination, or [if] despite legal error, the agency's path may reasonably be discerned." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (cleaned up). However, the Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citation omitted).

In the paragraph summarizing Dr. Monks' opinion, the ALJ did not provide specific and legitimate reasons for rejecting portions of it. See AT 385 ("the record does not support fair to poor functioning in the areas indicated"). However, looking at the whole decision, the ALJ's reasons become more clear.

The ALJ also considered the opinion of Dr. Victoria Reid, a licensed clinical psychologist, who responded to a medical interrogatory on November 17, 2023, after reviewing plaintiff's record. AT 625-630. Dr. Reid found plaintiff to have no mental limitations, citing his lack of a history of ongoing psychotherapy, psychiatric hospitalization, or intensive psychiatric or clinical follow-up. AT 627, 629. Moreover, as the ALJ noted, "Dr. Reid referenced [Dr. Monks'] report,

6

and noted the claimant does not acknowledge critical symptoms of depression or anxiety in that report." AT 385, citing AT 629. Indirectly, therefore, the ALJ considered whether Dr. Monks' opinion was supported by her 2016 exam findings: Dr. Reid opined that the exam findings did not indicate "critical symptoms" of depression or anxiety, and the ALJ took this into account. In fact, Dr. Monks' mental status exam findings were almost entirely normal. [4]

Dr. Reid "indicated that the claimant's chief issues are primarily medical and associated symptoms related to morbid obesity, and that the mental status examination was normal." AT 385, citing AT 627. Dr. Reid concluded that plaintiff was "able to handle the demands of gainful employment in a simple repetitive work environment at the very least." AT 385, citing AT 630. The ALJ gave Dr. Reid's opinion partial weight "because [her] observations about the lack of mental health treating [sic] are consistent with the records, but [Dr. Monks'] report supports some limitations in adaptive functioning, although not due to a psychiatric impairment." AT 385. Thus, the ALJ also considered plaintiff's lack of mental health treatment in considering whether to adopt the mental restrictions opined by Dr. Monks or the higher mental functions opined by Dr. Reid. To some extent, he adopted the latter.

Elsewhere in the opinion, the ALJ wrote:

> Mentally, the claimant has anxiety and depression, which are generally stable and with some conditional factors causing good and bad days. The claimant's primary care physician recommended behavioral therapy in July 2018, but as of October 2018, he was not seeing a therapist despite the doctor's suggestion, and the claimant testified that he still has not scheduled behavioral therapy. [Dr. Monks] assessed some functional limitations . . . I find that the record supports some limitations in mental functioning, as indicated above.

AT 384 (record citations omitted). Here again, the ALJ notes that plaintiff did not seek mental health therapy, even when it was recommended.

Earlier in the decision, the ALJ considered evidence of mental limitation in four functional areas and found plaintiff to be mildly limited in three of those areas, including

---

[4] In her mental status examination, Dr. Monks found that plaintiff's "mood appeared somewhat anxious." AT 315. However, his appearance, attitude, behavior, thought process, speech, articulation, orientation, thought content, intellectual functioning, memory, fund of knowledge, calculations, concentration, insight, and judgment were normal. AT 315-316.

interacting with others and concentration, persistence, and pace.  AT 380-381.  The ALJ found plaintiff moderately limited in adapting or managing oneself, as assessed by Dr. Monks.  AT 381.

Overall, there is enough reasoning in the decision "for the agency's path to be reasonably discerned" as to the mental RFC.  Dr. Reid found plaintiff to have no functional mental limitations, plaintiff's mental status exam with Dr. Monks was almost entirely normal, and he had no record of psychotherapy or psychiatric hospitalization. The RFC included some mental limitations: a simple work environment that did not expose plaintiff to "multiple members of the general public" and was not noisy.  However, contra Dr. Monks' opinion, the ALJ found that plaintiff's ability to deal with changes at work, complete a normal workday, and not "emotionally deteriorate" at work, were adequate to the demands of paid employment.  The Court concludes that the mental RFC was supported by substantial evidence and any error by the ALJ in failing to explain his reasoning as to Dr. Monks' opinion was harmless.  Defendant is entitled to summary judgment.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 12) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  May 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/hend1289.ssi.ckd